MICHAEL B. HORROW (SBN 162917)
NICHOLE D. PODGURSKI (SBN 251240)
DONAHUE & HORROW, LLP
1960 E. Grand Ave., Suite 1215
El Segundo, California 90245
Telephone: (310) 322-0300
Facsimile: (310) 322-0302
Email: mhorrow@donahuehorrow.com

Attorneys for Plaintiff
JENNETT HARLOW

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNETT HARLOW, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>METROPOLITAN LIFE INSURANCE COMPANY and KAISER FOUNDATION HEALTH PLAN, INC. LONG TERM DISABILITY,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR BENEFITS UNDER A GROUP DISABILITY EMPLOYEE BENEFIT PLAN** |

PLAINTIFF ALLEGES AS FOLLOWS:

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1337 and 29 U.S.C.§ 1132(a), (e), (f) and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101, *et seq*. (hereafter "ERISA") as it involves a claim by Plaintiff for Disability benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. §1331 as this action involves a federal question.

2. The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to 28 U.S.C. § 1391(b)(2), and the ends of justice so require.

3. The ERISA statute at 29 U.S.C. § 1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials. Those avenues of appeal have been exhausted.

4. Plaintiff is informed and believes and thereon alleges that Defendant, KAISER FOUNDATION HEALTH PLAN, INC. LONG TERM DISABILITY PLAN is an employee welfare benefit plan established and maintained by Kaiser Foundation Health Plan, Inc., a California corporation doing business in the State of California, to provide its employees with income protection in the event of a disability, and, is the Plan Administrator.

5. Plaintiff alleges upon information and belief that Defendant, METROPOLITAN LIFE INSURANCE COMPANY ("METLIFE"), is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of New York and authorized to transact and transacting the business of insurance in this state.

6. Plaintiff JENNETT HARLOW ("MS. HARLOW") is, and at all relevant times was, a resident and citizen of the State of California, an employee of Citigroup and a participant in the Plan.

7. Based upon information and belief, Defendant METLIFE issued the Group Long Term Disability Plan to Kaiser Foundation Health Plan, Inc. and the eligible participants and beneficiaries of the Plan. The Plan provides a monthly benefit equivalent to the lesser of sixty percent (60%) of Plaintiff's pre-disability earnings or seventy percent (70%) less other income benefits, following a 180 day Elimination Period.

8. Based upon information and belief, the Plan defines "Disability or Disabled" as follows:

- During the Elimination Period and the next 24 months, You are unable to perform with reasonable continuity the Substantial and Material Acts necessary to pursue Your Usual Occupation in the usual and customary way.
- After such period, You are not able to engage with reasonable continuity

in any occupation in which You could reasonably be expected to perform satisfactorily in light of Your:
- age;
- education;
- training;
- experience;
- station in life; and
- physical and mental capacity

- that exists within any of the following locations:
    - a reasonable distance or travel time from Your residence in light of the commuting practices of Your community;
    - a distance of travel time equivalent to the distance or travel time You traveled to work before becoming disabled; or
    - the regional labor market, if You reside or resided prior to becoming disabled in a metropolitan area.

9. Prior to her disability, MS. HARLOW was a Quality Analyst with Kaiser Foundation Health Plan, Inc. In this occupation, MS. HARLOW supported the effective execution of quality improvement plan program activities for assigned medical staff services and departments. She was also responsible for guiding for the medical staff in areas of interpretation of regulatory and licensing requirements and interpretation and implementation of quality improvement processes. She coordinated the development of quality improvement indicators and prepared Chiefs and Chairs for all surveys.

10. On or about December 17, 2013, MS. HARLOW injured her right wrist and elbow while lifting boxes at work.

11. On or about January 14, 2014, MS. HARLOW became disabled as defined by the Plan.

12. On or about August 18, 2014, Defendant METLIFE acknowledged receipt of MS. HARLOW's claim.

13. On or about April 1, 2015, MS. HARLOW underwent a Nerve

– 3 –

Conduction Study. The abnormal findings were consistent with right ulnar neuropathy with motor slowing across the elbow consistent with cubital tunnel syndrome.

14. On or about April 1, 2015, Dr. Gerald West confirmed Plaintiff's ongoing restriction of not using her right arm due to right elbow joint pain and complex regional pain syndrome.

15. On or about June 30, 2015, Dr. Gerald West completed an Industrial Work Status Report noting the following restrictions:

- Use of the right arm: occasionally
- No repetitive use of the right arm
- Keyboarding/mousing: no greater than 10 minutes continuously for a total of 30 minutes per hour
- The Patient can keyboard/mouse for a total of 4 hours per day

16. On or about April 21, 2015, Defendant METLIFE approved MS. HARLOW's claim.

17. On or about August 17, 2015, Dr. Gerald West completed a Permanent and Stationary Report. Dr. West noted MS. HARLOW had reached maximum medical improvement and would require the following work restrictions:

- Use of the right arm: occasionally
- No repetitive use of the right arm
- Keyboarding/mousing: no greater than 10 minutes continuously for a total of 30 minutes per hour

18. On or about November 4, 2015, MS. HARLOW followed up with Dr. West. On examination, Dr. West noted decreased range of motion and tenderness in the right elbow and tenderness and swelling in her right arm.

19. On or about January 11, 2016, MS. HARLOW consulted with pain management physician Dr. Andrew Hesseltine. She reported her pain on average a 10/10.

20. On or about March 28, 2016, Dr. Andrew Hesseltine completed updated claim forms certifying MS. HARLOW's ongoing disability as follows:

- Diagnosis: complex regional pain syndrome I of right upper extremity
- Symptoms: pain in the entire right upper extremity/pain- burning, pins & needles, electricity
- Restrictions: no typing or writing.  No lifting, pushing or pulling with right arm/extremity.

21. On or about April 7, 2016, MS. HARLOW followed up with Dr. Andrew Hesseltine.  MS. HARLOW reported her pain on average an 8/10.  Pain is constant and radiating and increased by bending, lifting and typing, writing, cooking and cleaning.

22. On or about May 12, 2016, Defendant METLIFE denied MS. HARLOW's claim.

23. On or about May 25, 2016, MS. HARLOW appealed the denial of her claim.

24. On or about December 9, 2016, Dr. Andrew Hesseltine provided a note confirmed MS. HARLOW is permanently disabled.

25. On or about February 13, 2017, Dr. Andrew Hesseltine provided a rebuttal to the medical review relied upon by Defendant METLIFE:

- Patient meets the diagnostic criteria for CRPS.
    - There was an initiating noxious event (she lifted a box and she had a pop in her wrist), followed by immediate severe pain
    - There is continuing pain and allodynia with which the pain is out of proportion to the inciting event.
    - Evidence at some time of edema, changes in skin blood flow, or abnormal sudomotor activity in this area of pain- there are periods where there is edema, to where she is unable to wear her rings or put her watch on.  There is color asymmetry and temperature asymmetry.  Also, there is sweating, which is noted on exam today.
    - This diagnosis is excluded by the existence of conditions

  that would otherwise account to the degree of pain and dysfunction. She has had x-rays of the entire right upper extremity, EMG and right ulnar nerve transposition surgery. No relief of pain after surgery.

- At this time, she is unable to prepare a meal. Patient cannot type, even for 3 minutes. She is unable to use her right hand to even scroll the screen on her touch phone; she uses her left hand for this maneuver. She has severe pain with showering; the water hitting her arm is exacerbating. She is unable to hold the hair dryer with her right hand to blow-dry her hair. Also, her sleep is disrupted due to pain.

26. On or about March 16, 2017, Defendant METLIFE denied MS. HARLOW's appeal.

27. For all the reasons set forth above, the decision to deny benefits was arbitrary, capricious and contrary to the terms of the Plan.

28. As a direct and proximate result of the Defendants' failure to provide MS. HARLOW with disability benefits, MS. HARLOW has been deprived of said benefits from May 13, 2016 to the present date.

29. As a further direct and proximate result of the denial of benefits, MS. HARLOW has been required to incur attorney fees to pursue this action, and is entitled to have such fees paid by defendants pursuant to 29 U.S.C. § 1132(g) (1), ERISA § 502(g) (1).

30. A controversy now exists between the parties as to whether MS. HARLOW is disabled as defined in the Plan. Plaintiff seeks the declaration of this Court that she meets the Plan definition of disability and thus she is entitled to benefits from the Plan.

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. An award of benefits in the amount not paid MS. HARLOW from on or about May 13, 2016, to the date of judgment herein, together with interest at the legal rate on each monthly payment from the date it became due until the date it is paid;

2. An order determining that MS. HARLOW is entitled to future payments so long as she remains disabled as defined in the Plan;

4. For reasonable attorney fees incurred in this action; and,

5. For such other and further relief as the Court deems just and proper.

DATED: October 12, 2017          DONAHUE & HORROW LLP

_____

*/s/ Michael B. Horrow*
MICHAEL B. HORROW
Attorney for Plaintiff